# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant RANDAL C. RUCKER**
**United States Army, Appellant**

ARMY 20140845

Headquarters, Eighth Army
Mark A. Bridges, Military Judge
Colonel Craig A. Meredith, Staff Judge Advocate (pretrial & addendum)
Lieutenant Colonel Walter Narramore, Acting Staff Judge Advocate (recommendation)

For Appellant:  Mr. Guy L. Womack, Esquire (argued); Captain Cody D. Cheek, JA; Mr. Guy L. Womack, Esquire (on brief).

For Appellee:  Captain Jennifer A. Donahue, JA (argued); Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).

8 March 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of maltreating a subordinate, four specifications of abusive sexual contact, and one specification of assault consummated by battery in violation of Articles 93, 120, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 920, 928 (2012) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, confinement for one year, and reduction to E-1.  The military judge credited appellant with 30 days of confinement credit.  The convening authority approved the sentence as adjudged, including the confinement credit.

This case is before us for review under Article 66, UCMJ. Appellate defense counsel assigns three errors to this court, and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After due consideration, we find the assigned errors are without merit, as are all but one of the matters raised under *Grostefon*. Specifically, appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree relief is appropriate and reduce the approved sentence to confinement by thirty days in our decretal paragraph.

## LAW AND DISCUSSION

The convening authority took action 378 days after the sentence was adjudged; 351 days are attributable to the government. The record in this case consists of four volumes, and the trial transcript is 533 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The government took 103 days to transcribe the record of trial and serve it on appellant's defense counsel for authentication. The military judge, however, did not receive the record of trial for authentication until 297 days after the sentence was adjudged. Appellant submitted no requests for speedy post-trial processing, and did not allege the delay constituted legal error in his post-trial submission pursuant to Rules for Courts-Martial 1105 and 1106. The government did not mention the delay in its post-trial submissions, and the convening authority approved the sentence as adjudged per the recommendation of the staff judge advocate. Finally, there are no memorandums in the record explaining this delay. Under the circumstances, we find relief in this case is appropriate because the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of the military justice system . . . ." *Ney*, 68 M.J. at 617.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a dishonorable discharge, confinement for eleven months, and reduction to E-1.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored.  *See* UCMJ arts. 58a(b), 58b(c), 75(a).

FOR THE COURT:

SHELLEY GOODWIN-MATHERS
Acting Clerk of Court